**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                        CASE NUMBER: 3:10-bk-06431-JAF
                                                              CHAPTER 13
Riley H. Findley, Jr.
aka Riley Henry Findley, Jr.

    Debtor,

Violet Marie Findley
aka Violet M. Findley

    Joint Debtor.
_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Real Property*)

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 N. Hogan Street, Suite 3-350, Jacksonville, Florida 32202-4267 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Elizabeth R. Wellborn, P.A., 350 Jim Moran Blvd., Suite 100, Deerfield Beach, Florida 33442.**
>
> **If you file and serve an objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the papers without further notice or hearing. If you do not file an objection, within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

    Bank of America, N.A. ("**Movant**") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtor(s) having an address of **5425 ORCHARD LAKE DRIVE, JACKSONVILLE, FL 32258** (the "**Property**"). The facts and circumstances supporting this Motion are set forth in the Declaration

in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "**Declaration**").  In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on 7/26/2010.

2. A Chapter 13 Plan was confirmed on 11/5/10.

3. The Debtors have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $203,156.00 (the "**Note**").  A true and correct copy of the Note is attached hereto as Exhibit "**A**."  Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "**Mortgage**"), all obligations (collectively, the "**Obligations**") of the Debtors under and with respect to the Note and the Mortgage are secured by the Property.  A true and correct copy of the Mortgage is attached hereto as Exhibit "**B**."

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a true and correct copy of which is attached hereto as Exhibit "**C**."

6. Bank of America, N.A. services the loan on the Property referenced in this Motion.  In the event the automatic stay in this case is modified, this case is dismissed, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

7. The plan calls for the Debtors to surrender the Property.

8. The legal description of the Property is:

**LOT 62, SWEETWATER CREEK SOUTH UNIT FOUR EAST ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 54, PAGES 77, 77A THROUGH 77L OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.**

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $650.00 in legal fees and $176.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

10. The estimated market value of the Property is $191,392.00 according to property appraiser. The basis for such valuation is the Duval County Property Appraiser, a true and correct copy of which is attached hereto as Exhibit "**D**."

11. Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant is $270,576.00.

12. Cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected. Movant's interest in the collateral is not protected by an adequate equity cushion. The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

(b) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

(c) According to the confirmed Second Amended Chapter 13 Plan (Docket # 43), the Debtors have surrendered the Property.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived, during which period Debtors may have minimal motivation to insure, preserve or protect the Property.

4. Creditor further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

5. For such other relief as the Court deems proper.

ELIZABETH R. WELLBORN, P.A.
Attorney for Secured Creditor
350 Jim Moran Blvd. Suite 100
Deerfield Beach, Florida 33442
Tel: (954) 354-3544
Fax: (954) 354-3545
Email: tforeman@erwlaw.com

By: /s/ Taji S. Foreman
Taji S. Foreman, Esquire
Florida Bar Number 0058606

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief and the attached exhibits have been filed with the Clerk of Court using the CM/ECF system on this 25th day of January, 2013. I also certify that the foregoing was served on this day by either United States Mail or Electronic Mail through the CM/ECF system to the parties listed below:

Riley H. Findley, Jr. aka Riley Henry Findley, Jr.
5425 Orchard Lake Dr., Jacksonville, FL  32258

Violet Marie Findley aka Violet M. Findley
5425 Orchard Lake Dr., Jacksonville, FL  32258

E. Warren Parker, Jr.
8777 San Jose Blvd., Suite 301, Jacksonville, FL  32217

Douglas W. Neway
P O Box 4308, Jacksonville, FL  32201

    ELIZABETH R. WELLBORN, P.A.
    Attorney for Secured Creditor
    350 Jim Moran Blvd. Suite 100
    Deerfield Beach, Florida 33442
    Tel: (954) 354-3544
    Fax: (954) 354-3545
    Email:  tforeman@erwlaw.com

    By:  /s/ Taji S. Foreman
    Taji S. Foreman,  Esquire
    Florida Bar Number 0058606